

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHRIS BECKER, | \* | CIV 08-3017 |
| | \* | CR 06-30053 |
| Petitioner, | \* | |
| | \* | ORDER AND OPINION ON |
| -vs- | \* | MOTION TO VACATE |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine. He was sentenced on January 16, 2007, to 135 months custody. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed on November 14, 2007. United States v. Becker, 256 Fed. Appx. 886, 2007 WL 3355585 (8th Cir. 2007).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends in his motion that he was denied the effective assistance of counsel. I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

**I. Ineffective Assistance of Counsel.**

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (quoting Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Id., citing Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068.

Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### A. Juvenile Record.

Petitioner contends counsel was ineffective in that he failed "to get my juvenile record from the state dropped . . . putting me in a higher criminal history category . . ." Petitioner's offense conduct began when he was 20 years old. His criminal history score of 6 (placing him in category III) included one point for a state court conviction for misprision of a felony committed at age 14, one point for a state court conviction for burglary committed at age 14, two points for a federal court conviction for burglary committed at age 17, and two points because he was still on federal probation for burglary when his offense conduct began.

There is nothing any lawyer could do "to get [petitioner's] juvenile record from state court dropped" as to convictions that were eight years old at the time of the presentence interview. Once a conviction becomes final, as all convictions used to compute criminal history were in this case, there is nothing counsel can do to prevent those convictions from being used to calculate criminal history. Petitioner objected to the inclusion of the two points for the state court convictions, contending that his offense conduct began much later and those convictions would then be too old to be counted. Petitioner's objection in this regard did not affect his guideline range because he would still have undeniably had four criminal history points, still placing him in criminal history category III.

Counsel did argue at sentencing that category III overstates petitioner's criminal history. I rejected that argument based upon his many violations of probation and juvenile supervised release conditions, which violations included the use of illegal substances. The Eighth Circuit affirmed my decision to sentence him within the guideline range. Petitioner can show neither deficient performance nor prejudice as to his claim that counsel was ineffective as it related to his criminal history score.

### B. Objections to the Presentence Investigation Report.

Petitioner contends that counsel was ineffective in that his objections were not addressed in court properly. Probation determined that the base offense level was 34, based upon 9,345.4 kg marijuana equivalent (which put him in the 3,000-10,000 KG marijuana range). With the two

2

level firearm enhancement and the three level reduction for acceptance of responsibility, Probation suggested that the total offense level was 33. Petitioner objected to much of the offense conduct attributed to him and contended that the total quantity attributed to him should have been .7371 kg methamphetamine (1,474.2 KG marijuana equivalency), resulting in a base offense level of 32 (1,000-3,000 KG marijuana range). Petitioner also objected to the two level firearm enhancement. Thus, the petitioner contended that the total offense level, after the reduction for acceptance of responsibility, should be 29. The government suggested that, based upon petitioner's objections as to offense conduct and quantity, he had not accepted responsibility and the three level reduction for acceptance should be denied. Thus, the government contended that the total offense level should be 36.

When a defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." United States v. Poor Bear, 359 F.3d 1038, 1041 (8th Cir.2004). In a drug case, the government bears the burden of proving drug quantity by a preponderance of the evidence. United States v. Allmon, 500 F.3d 800, 804 (8th Cir. 2007).

The government had subpoenaed witnesses for petitioner's sentencing hearing to "prove up" drug quantity and the firearm enhancement. Two of the witnesses did not appear but the sentencing hearing did go forward, with the understanding that it would have to be continued to deal with the missing witnesses. Prior to the first witness's testimony, the government and the petitioner entered into an agreement whereby the petitioner agreed that the drug quantity would support a base offense level of 34 and the government agreed to present no evidence as to the firearm enhancement. The total offense level, after awarding the three level reduction for acceptance of responsibility, was therefore 31, two levels lower than originally calculated by Probation and five levels lower than the government had urged.

Petitioner's objections were not specifically addressed by the Court (other than his objection to the firearms enhancement, which objection was sustained) because petitioner withdrew those objections during the sentencing hearing. I specifically asked petitioner whether he wanted to withdraw his objections as to drug quantity and agree that the total offense level was 31 and he stated "Yes, Your Honor."

Counsel was not ineffective in pursuing a ruling on petitioner's objections as to offense conduct and drug quantity. Even if those objections had been addressed and the Court found that the total offense level was in fact 29, as originally urged by petitioner, his sentence of 135 months was in the range called for by a total offense level of 29 and a criminal history category of III.

**II. Evidentiary Hearing.**

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

**IT IS ORDERED** that petitioner's motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

Dated this 16th day of December, 2008

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
　　　　　　　　　DEPUTY
(SEAL)